Joyce Olsen (formerly Metz) v. Commissioner.
Olsen v. Commissioner
Docket No. 4240-64.
United States Tax Court
T.C. Memo 1966-98; 1966 Tax Ct. Memo LEXIS 184; 25 T.C.M. (CCH) 524; T.C.M. (RIA) 66098; May 16, 1966
Joyce Olsen, pro se, 197 Egbert Ave., Staten Island, N.Y. Paul H. Frankel, for the respondent. SIMPSON
Memorandum Opinion SIMPSON, Judge: The respondent determined a deficiency of $248.35 in the petitioner's income tax for the year 1961. The only issue for decision is whether the petitioner provided during 1961 more than one-half of the support of her minor son, and is therefore entitled to a dependency deduction and a deduction for child care expenses for that year. Petitioner, Joyce Olsen, filed her 1961 Federal income tax return with the district director of *185 internal revenue at Brooklyn, New York. In that return, she claimed a dependency deduction for her 5-year old son, James A. Metz, Jr., who resided with her. On the same return, the petitioner also claimed a $600 deduction for child care expenses. The respondent disallowed both deductions and, in the statutory notice of deficiency dated June 3, 1964, determined a deficiency of $248.35 in the petitioner's income tax for taxable year 1961. The respondent and the petitioner have stipulated that the deduction for child care expenses is to be allowed if this Court determines that the petitioner's son was her dependent during 1961. Section 151 of the Internal Revenue Code of 1954[1] allows a dependency deduction for each exemption provided in that section. Insofar as pertinent to this case, section 151(e) provides a $600 exemption for each dependent who is a child of the taxpayer and has not attained the age of 19. A "dependent" is defined by section 152 to include a son, if over one-half of his support was received from the taxpayer. The petitioner claims that *186 her minor son was her dependent during the year 1961 because she provided over one-half of his support during that year. There is no dispute concerning the other elements of the dependency deduction. During the taxable year 1961, petitioner's former husband, James A. Metz, paid the petitioner $1,275 for the support of their minor child pursuant to an order of the New Jersey superior court. The petitioner's former husband also spent $155.50 directly for the support of their son, making a total contribution of $1,430.50. The petitioner and respondent have stipulated that the petitioner spent at least $2,190.82 "toward the support" of James A. Metz, Jr., during 1961. The support figure in the stipulation was arrived at after an examination of petitioner's receipts by the respondent, and includes expenditure of the $1,275 contributed by the petitioner's former husband. The parties, by stipulation, introduced a schedule of income and expenses which petitioner had prepared for a state court in New Jersey. The schedule bore the signature "Mrs. Metz," and the notation "8-28-61." Unfortunately, it is not clear whether the schedule was made before or after December 31, 1961, when it was *187 submitted to the New Jersey court, or what the occasion was for its preparation. That schedule of expenses for both petitioner and her son totaled $5,045.26 for 1961. The petitioner testified concerning a number of expenditures in addition to those included in the stipulation and for which she did not have receipts. The expenses for herself and her son included the costs of a telephone, automobile operation and maintenance, dry cleaning, and various kinds of insurance, and church contributions. She also established that she spent sums for the exclusive benefit of her son, such as toys, trips to the movies and the beach, as well as his clothing. Although the record fails to provide us with as precise and clear evidence as we desire, we must, in such a case as this, make a finding of the total support furnished the child and the portion of that support furnished by the petitioner. Accordingly, we have exercised our best judgment to make a reasonable and fair allocation of her expenses, and we find, upon examination of all the evidence, that the following expenses of the petitioner are properly allocable to the support of her son: Clothing
$ 139
Rent
450
Day care including lunch
780
Gas and Electric
60
Telephone
60
Car expense
210
Food
700
Church
10
Cleaning
5
Medical care
130
Insurance (medical and life
on son and fire)
163
Books and toys
104
Movies
9
Beach
40
Total
$2,860
*188 We hold that the petitioner has established that she furnished more than one-half of her son's support in 1961. In addition to the $2,860 spent by the petitioner, her former husband spent $155.50 for such purpose. Therefore, based upon the record, the total support of the child for 1961 was $3,015.50. Of this sum, $1,430.50 was contributed by the petitioner's former husband, leaving $1,585 as the petitioner's contribution. Therefore, Decision will be entered for the petitioner. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 unless otherwise indicated.↩